UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: David L. Ashley | * | |
| Krystal J. Ashley | * | |
| | * | |
| Debtors, | * | Case No.: 15-31142 |
| | * | Chapter 13 |
| David L. Ashley | * | |
| Krystal J. Ashley, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Adversary Proceeding Number: _____ |
| vs | * | |
| | * | |
| Aaron's Sales & Lease | * | |
| Ownership, Inc., | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

COMES NOW the Debtors, DAVID L. ASHLEY and KRYSTAL J. ASHLEY, as Plaintiffs, by and through their undersigned attorney, and respectfully state the grounds for their complaint against the Defendant as follows, to-wit:

1. This is a complaint for violation of the automatic stay as afforded by 11 U.S.C. § 362 (a) & (k)(1).

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157.

4. The plaintiffs are resident citizens of the State of Alabama.

5. The defendant, Aaron's Sales & Lease Ownership, Inc., hereinafter referred to as AARON'S, is a Georgia Corporation doing business in the State of Alabama.

6. On May 1, 2015, the above named Plaintiffs, as debtors, filed a voluntary petition under Chapter 13 of Title 11, United States Code. Said case was filed in the United States

Bankruptcy Court for the Middle District of Alabama, Northern Division, Case Number 15-31142.

7. Relief was granted pursuant to 11 U.S.C. § 362(a) on May 1, 2015. Said relief also initiated an automatic stay which prohibits certain collection activity by creditors.

8. The debtor filed a list of executory contracts and unexpired leases (Schedule G) which included an existing lease to the above referenced Defendant.

9. 11 U.S.C. § 362(a)(1) prohibits "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

10. 11 U.S.C. § 362(a)(3) prohibits "any act to obtain possession of property of the estate...or exercise control over property of the estate."

11. 11 U.S.C § 362(a)(6) prohibits any "act to recover a claim against the debtor that arose before the commencement of the case...."

12. During the pendency of the instant chapter 13 bankruptcy case, the above-referenced defendant did not obtain termination, modification, or relief from the effects of the automatic stay.

## COUNT I – VIOLATION OF THE AUTOMATIC STAY

13. The plaintiffs adopt and incorporate paragraphs one (1) through twelve (12) as if fully set out herein.
14. On May 1, 2015, the Defendant contacted the Plaintiffs via telephone requesting for them to either make their payment to Aaron's or return the merchandise immediately. The Plaintiffs are currently unaware of the full legal name of the representative from Aaron's who contacted them but they know her as "Jalyssa Thornton" (spelling may not be correct) of the store located in Prattville, AL.

15. The Plaintiffs informed Aaron's at this time that they had recently filed a Chapter 13 bankruptcy petition and would be catching up the arrears owed to Aaron's through their bankruptcy plan.
16. The representative from Aaron's told the Plaintiffs that she didn't care if they filed bankruptcy because Aaron's is exempt from bankruptcy proceedings. She went on to tell the Plaintiffs that their bankruptcy case would be dismissed and that Aaron's would not be a part of the bankruptcy. She further stated that if they didn't immediately come in to pay on the account, that she would have her people come out and repossess the merchandise that the Plaintiffs are attempting to save.
17. At that point, the Plaintiffs tried to give the Defendant their attorney's information so that he could possibly give them the information needed to solve the issue.
18. The Defendant's representative refused the attorney's information stating that she "didn't need someone telling her how to do her job." She also stated to the Plaintiffs that their "attorney didn't know what he was talking about."
19. The Defendant's representative again stated that she would have someone coming out to pick up the merchandise.
20. The above referenced conversation was a willful violation of the automatic stay.
21. This conversation caused the Plaintiffs severe emotional distress due to the fact that they thought their bankruptcy plan was taking care of their lease agreement but they were being threatened with possibly losing all that they hoped to protect.
22. The Plaintiffs were forced to sit all weekend wondering if and when the Defendant was going to be contacting them again to come repossess the collateral that they were attempting to save.
23. The following day, May 2, 2015, the Defendant, again, tried to contact both Plaintiffs but neither Plaintiff was able to answer their telephone or return the call. This was another willful violation of the automatic stay.
24. On the following business day, May 4, 2015, the Defendant attempted post-bankruptcy communication with the Plaintiffs for a third time.
25. The Plaintiff, Krystal J. Ashley, was able to answer the phone at this time.
26. The Defendant, again, requested either payment on the account or for them to return the merchandise. This was another willful violation of the automatic stay.

27. The Plaintiff told the Defendant's representative again that she was in bankruptcy and that the Defendant needed to contact the Plaintiff's attorney to discuss this further.
28. The Defendant's representative again refused the information for the Plaintiff's attorney stating that she did not need him to tell her how to do her job.
29. The Defendant's representative stated that she had been to bankruptcy court several times and that she would go again if the Plaintiff's wanted to push it that far.
30. She advised the Plaintiff again that her bankruptcy attorney didn't know what he was talking about and that she would have the case dismissed because Aaron's was not a part of the bankruptcy.
31. The Defendant's representative advised the Plaintiff that she would be contacting her again on the evening of May 4, 2015 to see if she had come up with any money to pay Aaron's.
32. The Defendant's represented took it a step further by insulting the Plaintiff; telling her that "she would be stupid not to pay Aaron's because of how little was left being owed on the account."
33. All of the above referenced collection actions took place after the Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code, after notice of the underlying bankruptcy petition was provided to the Defendant and were in violation of 11 U.S.C. 362, commonly referred to as the "automatic stay".
34. The Defendant has received notice of the bankruptcy filing from the Plaintiff verbally on several separate occasions.
35. After notice of the underlying bankruptcy case, the Defendant willfully has ignored federal law by failing to cease all collection activities.
36. Because of the Defendant's willful violation of the automatic stay, the plaintiffs have suffered damages consisting of but not limited to emotional distress, out of pocket expenses, and miscellaneous other expenses.
37. The above referenced plaintiffs were already emotionally distressed due to the fact that they had to file a bankruptcy petition and the above referenced collection actions and threats severely heightened their anxiety.
38. Because of the Defendant's willful violations of the automatic stay, the Plaintiffs have been unable to enjoy the protections that the bankruptcy code provides them. They have been

forced to deal with continued debt collection attempts that are clearly forbidden by Federal Law.

39. The Plaintiffs have also feared that their bankruptcy case would be dismissed due to the Defendant's representative's own words and that they would not receive the protection that they assumed they would receive from filing the bankruptcy.

40. Because of the defendants' actions, the plaintiffs were also forced to hire counsel to prosecute this claim. 11 U.S.C. § 362(k)(1) provides that any individual injured by a defendants willful violation shall recover attorney fees, costs, and in certain circumstances, punitive damages.

41. All of the defendants' conduct rises to the level of willfulness.

WHEREFORE, the plaintiffs requests this Honorable Court to enter a judgment against the defendant and order the defendant to pay damages including consequential and punitive, as deemed appropriate along with attorney fees and for all other relief as is just.

Respectfully submitted on this the 4th day of May, 2015.

/s/ Gregory E. Tolar
Gregory E. Tolar (TOL004)
Attorney at Law
1034 East Main Street
Prattville, AL 36066
334-358-1851
334-358-1852 (fax)
gtolar@bellsouth.net