ALMB 3 (Rev 06/2007)

# United States Bankruptcy Court
## Middle District of Alabama

In re  **David L. Ashley**
    **Krystal J. Ashley**
                      Debtor(s)

Case No.
Chapter  **13**

## CHAPTER 13 PLAN
Check If Amended Plan ☐

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** An Objection to Confirmation must be filed not later than seven (7) days prior to the date fixed for the Confirmation hearing and must state with particularity the grounds for the objection. See LBR 3015-2, which can be found at www.almb.uscourts.gov/lrules/index.htm, and must state with particularity the grounds for the objection.

**PROOFS OF CLAIM.** Creditors must file a proof of claim to be paid. Confirmation of this plan does not bar the debtor, Trustee or a party in interest from objecting to a claim.

### 1. PAYMENT AND LENGTH OF PLAN
Debtor(s) shall pay **$148.00 bi-weekly for 58 months** to the Chapter 13 Trustee beginning **June 1, 2015**.

The length of the plan is **58** months.

### 2. FILING FEES
The Filing Fee as prescribed by LBR 1006-1 shall be paid as follows:

☐    Filing Fee paid in full directly to the Clerk of Court with the petition.

☐    Filing Fee is being paid in installments pursuant to LBR 1006-1 directly to the Clerk of Court.

☒    Filing Fee is being paid in installments pursuant to LBR 1006-1 through the debtor's Chapter 13 plan as follows:
       Total Filing Fee:    **$310.00**
       Initial Installment paid with filing of petition:    **$100.00**
       Remaining Balance to be paid through Chapter 13 plan:    **$210.00**

### 3. ATTORNEY'S FEES FOR DEBTOR(S)' BANKRUPTCY COUNSEL

The following attorney's fees shall be paid through the debtor's plan payments:
       Total attorney fee    **$3,000.00**
       Amount paid by the debtor prior to filing directly to attorney    **$0.00**
       Net Attorney fee being paid through the Chapter 13 plan disbursements    **$3,000.00**

### 4. SECURED CLAIMS PAID THROUGH THE PLAN
The Debtor proposes that the Trustee make adequate protection payments prior to the confirmation of this Plan, pursuant to § 1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to § 1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the Trustee. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below as required under § 1325(a)(5).

| Creditor | Collateral Description | 910/365 Claim? Yes/No | Amount of Debt | Collateral Value | Interest Rate | §1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|---|
| Acceptance Loan Co | 2012 Honda CBR Motorcycle Purchased just over a year ago for $3,000 | No | $3,952.00 | $2,500.00 | 4.75% | Yes | 25.00 | $75.00 |
| Key Finance | 2001 Dodge Durango 130,000 Miles Kelley Blue Book: $3,310.00 | No | $3,196.00 | $3,310.00 | 4.75% | Yes | 33.00 | $100.00 |

5. **LONG TERM DEBTS MAINTAINED THROUGH THE PLAN**
The Debtor proposes that the Trustee maintain the following long term debts through the plan. The Trustee shall make payments prior to confirmation of this Plan, to all of the following long term creditors indicated below. The Trustee shall commence making such payments to creditors holding allowed secured claims consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all payments. Upon confirmation of this plan said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

6. **SURRENDERED PROPERTY**
Debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under this Plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|
| GM Financial | 2014 Chevrolet Cruz Kelley Blue Book: $14,646.00 | $16,594.00 | $14,646.00 |

7. **CURING DEFAULTS**
Pursuant to § 1322(b)(5) the debtor shall cure defaults with respect to the following creditors indicated below. Trustee shall pay the allowed claims for arrearages at 100% through this Plan. The amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The "amount of arrearage" listed herein is an estimate, and in no way shall this estimate limit what the Trustee shall distribute to said creditor under this plan to cure the default.

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| Aarons Rental | Rental Arrears | $600.00 | 0.00% | $20.00 |
| Rucker Rentals | Arrears on account | $3,250.00 | 0.00% | $75.00 |

8. **DIRECT PAYMENTS**
The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all § 1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral | Date Payment to Resume | Direct Pymt Amount |
|---|---|---|---|---|---|
| -NONE- | | | | | |

## 9. DOMESTIC SUPPORT OBLIGATIONS

The Debtor proposes that prepetition Domestic Support Obligation arrearage claims indicated below shall be paid in full through this plan pursuant to § 507(a)(1) unless the claimant agrees to some other treatment or the Court orders otherwise. The Debtor shall directly pay all ongoing Domestic Support Obligations that become due after filing of the petition.

| Creditor | Total Arrearage | Specified Monthly Payment |
|---|---|---|
| -NONE- | | |

The Debtor shall directly pay all ongoing Domestic Support Obligations that become due after filing of the petition.

## 10. PRIORITY CLAIMS (Excluding Domestic Support Obligations)

The Debtor will pay all priority claims pursuant to § 507 unless claimant expressly agrees otherwise including the following:

| Claimant | Type of Priority | Scheduled Amount | Monthly Payment |
|---|---|---|---|
| Alabama Department of Human Resources | Domestic support obligations | $36.00 | $5.00 |

## 11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and/or leases receive the following designated treatment. For all executory contracts or unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation § 1326 adequate protection payments directly to the Lessors pursuant to the terms of the contract. For all contracts assumed, the debtor shall continue to make all payments directly to the creditor pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|
| Aarons Rental | Lawn Mower | | X |
| Rucker Rentals | Home Lease | | X |

## 12. SPECIALLY CLASSIFIED UNSECURED CLAIMS

The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt Specially Classified | Interest Rate | Specified Monthly Payment |
|---|---|---|---|
| -NONE- | | | |

## 13. UNSECURED CLAIMS

Allowed non-priority unsecured claims shall be paid through the distribution of the debtor's chapter 13 plan at a rate of ____%, or pro rata participation in a "POT" Plan of $ __2,500.00__ for the benefit of unsecured creditors, or until all allowed claims are paid in full. If this proposed dividend to unsecured creditors is less than 100%, debtors propose to pay to the Trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by § 1325(b).

## 14. OTHER PLAN PROVISIONS

**(a) Lien Retention:** Allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this plan.

**(b) Vesting of Property of the Estate:**

   **X** Property of the Estate shall revest in the Debtor(s) upon confirmation of the debtor's plan.

   __ Property of the Estate shall remain property of the estate subsequent to confirmation of this plan.

All property of the Estate whether it remains in the estate or revests with the debtor upon confirmation of the plan shall remain in the debtor's possession and control. The debtor shall have use of property of the estate, subject to the requirements of § 363 of the Bankruptcy Code.

**(c) Direct Payment by Debtor:** Secured creditors and lessors to be paid directly by the Debtor(s) may continue to mail to Debtor(s) the customary monthly notices or coupons notwithstanding the automatic stay.

**(d) Other Provisions of the Plan Not Elsewhere Described:**

- Debt owed to Ally Financial will be paid directly to the creditor outside of the bankruptcy by the Debtor's mother, the driver of the car.


Date **May 1, 2015**           Signature **/s/ David L. Ashley**
                                         **David L. Ashley**
                                         Debtor


Date **May 1, 2015**           Signature **/s/ Krystal J. Ashley**
                                         **Krystal J. Ashley**
                                         Joint Debtor

Attorney **/s/ Gregory E. Tolar**
         **Gregory E. Tolar**

In re:  
David L. Ashley  
Krystal J. Ashley  
    Debtors

Case No. 15-31142-DHW  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 1127-2     User: desma     Page 1 of 1     Date Rcvd: May 04, 2015  
Form ID: pdf13pln     Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 06, 2015.

```
db/jdb         +David L. Ashley,    Krystal J. Ashley,    1313 Joffre Ruckertown Road,
                 Prattville, AL 36067-8334
3302661        +Aarons Rental,    2556 Cobbs Ford Rd,    Prattville, AL 36066-7708
3302662        +Acceptance Loan Co,    P.O. Box 159,    Jackson, AL 36545-0159
3302663        +Account Resolution Services,    1643 Harrison Parkway,    Suite 100,
                 Fort Lauderdale, FL 33323-2857
3302666         Capital One,    Po Box 30285,    Salt Lake City, UT 84130-0285
3302668        +Credit Protection Assoc,    13355 Noel Road,    Suite 2100,    Dallas, TX 75240-6837
3302669        +Devonshire Apartments,    2285 Murfreesboro Pike,    Nashville, TN 37217-3348
3302670        +Enhanced Recovery Company,    P.O. Box 57547,    Jacksonville, FL 32241-7547
3302671        +Fedloan Servicing,    P.O. Box 60610,    Harrisburg, PA 17106-0610
3302672        +GM Financial,    P.O. Box 181145,    Arlington, TX 76096-1145
3302673        +Holloway Credit Solutions,    P.O. Box 230609,    Montgomery, AL 36123-0609
3302675         Key Finance,    144 W Main St,    Prattville, AL 36067-3034
3302677        +Local Finance of Millbrook,    P.O. Box 762,    Millbrook, AL 36054-0016
3302678         Merchants Adj Service,    P.O. Box 7511,    Mobile, AL 36670-0511
3302679        +Pinkston and Courtney,    1881 Holtville Road,    Wetumpka, AL 36092-8211
3302680        +Pinnacle Credit Services,    PO Box 640,    Hopkins, MN 55343-0640
3302682        +Rucker Rentals,    134a West 3rd Street,    Prattville, AL 36067-3010
3302683         Service Loan Prattville,    557 McQueen Smith Road S,    Prattville, AL 36066
3302685         Verizon Wireless,    Post Office Box 26055,    Minneapolis, MN 55426-0055
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
3302662        +E-mail/Text: bpage@acceptanceloan.com May 04 2015 21:01:44     Acceptance Loan Co,
                 P.O. Box 159,    Jackson, AL 36545-0159
3302664        +E-mail/Text: dhrcscbu@dhr.alabama.gov May 04 2015 21:00:50
                 Alabama Department of Human Resources,    50 North Ripley Street,    Montgomery, AL 36130-1001
3302665        +E-mail/Text: ally@ebn.phinsolutions.com May 04 2015 21:00:38     Ally Financial,
                 P.O. Box 380901,    Bloomington, MN 55438-0901
3302667        +E-mail/Text: bankruptcy_notifications@ccsusa.com May 04 2015 21:01:46
                 Credit Collection Services,    P.O. Box 9134,    Needham Heights, MA 02494-9134
3302674         E-mail/Text: jcap_bnc_notices@jeffersoncapitalinternational.com May 04 2015 21:01:18
                 Jefferson Capital System,    16 McLeland Road,    Saint Cloud, MN 56303
3302676        +E-mail/Text: bnckohlsnotices@becket-lee.com May 04 2015 21:00:49     Kohls/Capital One,
                 PO Box 3115,    Milwaukee, WI 53201-3115
3302681        +E-mail/Text: bankruptcy@progfinance.com May 04 2015 21:01:13     Progressive Finance,
                 11629 S. 700 E.,    Suite 250,    Draper, UT 84020-8399
3302684        +E-mail/PDF: gecsedi@recoverycorp.com May 04 2015 21:08:47     SYNCB/JC Penney,
                 P.O. Box 965007,    Orlando, FL 32896-5007
                                                                                              TOTAL: 8
```

     ***** BYPASSED RECIPIENTS *****  
NONE.     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 06, 2015                                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 1, 2015 at the address(es) listed below:
```
              Bankruptcy Administrator    ba@almb.uscourts.gov
              Gregory E Tolar    on behalf of Debtor David L. Ashley tolarbknotices@gmail.com,
               millbrooktolar@gmail.com
              Gregory E Tolar    on behalf of Joint Debtor Krystal J. Ashley tolarbknotices@gmail.com,
               millbrooktolar@gmail.com
                                                                                              TOTAL: 3
```